The Honorable Ron Thornburgh Secretary of State State Capitol, 2nd Floor 300 S.W. 10th Avenue Topeka, Kansas 66612-1594
Dear Secretary of State Thornburgh:
As secretary of state, you request our opinion regarding the validity of the voter registration of certain persons. Specifically, you ask whether alteration of the form approved by the secretary of state for application for voter registration by the person seeking registration invalidates or voids the registration of the person. You also ask whether the candidacy for member of a board of education of a person who has altered the application is affected.
Qualifications of electors are set forth in section 1 of article 5
of the Kansas constitution. "Every citizen of the United States who has attained the age of eighteen years and who resides in the voting area in which he or she seeks to vote shall be deemed a qualified elector." Kan. Const., art. 5, sec. 1. It is the duty of all legally qualified electors to register to vote as prescribed by state statute and such registration shall entitle the qualified elector to vote. K.S.A. 25-2302; see K.S.A. 25-215. [Although the Kansas constitution is the sole source of qualifications on the right to vote, it has been adjudged by this state that the legislative requirement of registration does not prescribe an additional qualification upon the right to vote.State v. Butts, 31 Kan. 537, 554 (1884).] Application for registration must be made on a form approved by the secretary of state and signed by the applicant under penalty of perjury. K.S.A. 25-2309. The application must include such information as is necessary to identify the applicant and to determine the qualifications of the applicant as an elector and the facts authorizing such person to be registered, including the place of residence of the applicant. Id. It is the duty of the applicant to return a complete and correct application to the county election officer. Id.
The residence of a person offering to vote is "the place adopted by a person as such person's place of habitation, and to which, whenever such person is absent, such person has the intention of returning." K.S.A. 25-407. A person is not considered to have lost his or her residence who leaves his or her home and goes into another state or territory, or county of this state, for temporary purposes merely, with an intention of returning. Littell v.Millemon, 154 Kan. 670, 675 (1942). Not every change of abode constitutes a change of residence. Campbell v. Ramsey,150 Kan. 368, 387 (1939). Residence is determined by the acts and intentions of the person. State, ex rel., v. Corcoran,155 Kan. 714, 719 (1942).
In the application you present for review, the applicant has deleted the word "residence" from the four places it appears on the application, inserting "living quarters" in one place and "dwelling" in two places. The applicant has also made changes to the affirmation printed on the application, so that it reads:
 "`I do solemnly affirm the above information is true and correct. I am a citizen of the United States and the State of Kansas Kansas Sovereign and I will have reached the age of eighteen (18) years of age before the next statewide general election. If convicted of a felony, I have my civil liberties restored. If applicable, I have abandoned my former residence DWELLING and/or other name.' WITHOUT PREJUDICE UCCI-207.9 `TDC'." (Emphasis denotes added language.)
The applicant has made material changes to the application for registration. Residence is not necessarily synonymous with dwelling or living quarters. See Campbell, 150 Kan. at 387-89. The application as modified fails to provide information regarding the residence of the applicant. The applicant also fails to affirm that he is a citizen of the United States. Without such information, the county election officer is unable to determine the qualifications of the applicant. The applicant has failed to return a complete and correct application to the county election officer as required under K.S.A. 25-2309. Under such circumstances, the application should be rejected by the county election officer and the registration pursuant to submission of an incomplete or incorrect application is void. See Campbell, supra; 25 Am.Jur.2d Elections secs. 102, 111 (1966).
A person who has similarly altered the application for registration has filed as a candidate for the position of member of a board of education. Any person who is an elector may be a candidate for board of education in the district in which the elector resides. K.S.A. 25-2020. An elector under K.S.A. 25-2020
is one who is a registered voter and is a resident of the member district from which the person seeks election. Attorney General Opinion No. 73-351; see Clayton v. Hill City, 111 Kan. 595, 596
(1922). As noted above the registration of a person who has altered the application for registration in such manner is void. Therefore, the person who has altered the application for registration does not meet the qualifications necessary to be a candidate for member of a board of education and such person's name should not appear on the ballot.
Due to the timeframe involved, it was necessary for the county election officer to prepare the ballots before the validity of the person's candidacy was reviewed. The person's name appears on the ballot as a candidate for member of the board of education. Votes cast for such person may not be ignored by the county board of canvassers. The duty of the county board of canvassers is ministerial only and its sole function is to meet, canvass the vote, and declare the results. Wycoff v. Board of CountyCommissioners, 191 Kan. 658, 663 (1963). The county board of canvassers does not possess the statutory authority to determine the qualifications of candidates. Upon completion by the county board of canvassers of the final canvass of primary election returns, the county election officer is required to prepare and issue a certificate of nomination to each person nominated. K.S.A. 25-3110; see K.S.A. 25-2009.
 "(a) Any certificate of nomination . . . issued in apparent conformity with law, shall be deemed to be valid unless:
 "(1) Objection thereto is made in writing within three days from the date the certificate . . . is issued by the proper officers;
. . . .
 "(c) . . . In the case of nominations for county, township, city and school officers, objection shall be filed with the county election officer and shall be considered by the county election officer, clerk of the district court and county attorney or district attorney, and a decision of a majority of these officers shall be final.
. . . .
 "(e) The causes for objection under this section as to any office may be any of those causes listed in K.S.A. 25-1436 and amendments thereto." K.S.A. 25-308.
Among the grounds set forth in K.S.A. 25-1436 is that "[t]he person to whom a certificate of election was issued was ineligible to hold such office at the time of the election." While in the present situation we are concerned with the issuance of a certificate of nomination rather than a certificate of election, we believe the legislature intended that certificates of nomination be included in the provisions set forth above. See VI Attorney General Opinions, 362; VII Attorney General Opinions, 368, 533; Attorney General Opinions No. 74-151; 74-181; 76-211; 76-324. The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. State v. Schlein,253 Kan. 205, 209 (1993). We must give effect to the legislature's intent even though words, phrases, or clauses must be omitted or inserted in the statute. Todd v. Kelly, 251 Kan. 512, 516 (1992). Therefore, once a certificate of nomination is issued to a person who altered the application for registration to vote in such a manner as to fail to provide the required information, the person's nomination may be objected to under K.S.A. 25-308. The objection will then be considered by the county election officer, clerk of the district court and county or district attorney.
In review, an application for registration to vote which has been materially altered by the person submitting the application should be rejected by the county election officer and the registration pursuant to submission of an incomplete or incorrect application is void. Any person who is an elector may be a candidate for board of education in the district in which the elector resides. An elector under K.S.A. 25-2020 is one who is a registered voter and is a resident of the member district from which the person seeks election. A person who has made material alterations to the application for registration does not meet the qualifications necessary to be a candidate for member of a board of education and such person's name should not appear on the ballot. If such person's name does appear on the ballot, votes cast for such person may not be ignored by the county board of canvassers. The duty of the county board of canvassers is ministerial only and its sole function is to meet, canvass the vote, and declare the results. Once a certificate of nomination is issued to a person who does not meet the qualifications necessary to be a candidate for member of a board of education, objection to the person's nomination may be filed in accordance with K.S.A. 25-308. The objection will then be considered by the county election officer, clerk of the district court and county or district attorney.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm